# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

DIAMOND RESORTS U.S.
COLLECTION DEVELOPMENT, LLC
and DIAMOND RESORTS HAWAII
COLLECTION DEVELOPMENT, LLC,

        **Plaintiffs,**

v.                                        **Case No: 6:21-cv-973-RBD-DCI**

PRIMO MANAGEMENT GROUP, INC.
and ISRAEL SANCHEZ, JR.,

        **Defendants.**

_____

## ORDER

    This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiffs' Motion to Strike Defendants' Affirmative Defenses (Doc. 16)** |
| **FILED:** | **August 10, 2021** |
| | |
| **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**. | |

### I.    Background

    Plaintiffs filed a motion seeking to strike eighteen out of the twenty affirmative defenses asserted by Defendants in the answer.  Doc. 16 (the Motion).  In Defendants' response to the Motion, they opposed some of Plaintiffs' arguments but conceded that the entirety of some defenses and parts of other defenses are insufficient and due to be stricken.  Doc. 18.

## II.      Standard

Federal Rule of Civil Procedure 8(b) provides that when a party responds to a pleading, it must "state in short and plain terms its defenses to each claim asserted against it."  Fed. R. Civ. P. 8(b).  Rule 8(c) requires a party to "affirmatively state any avoidance or affirmative defense." "The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Hassan v. U.S. Postal Service*, 842 F.2d 260, 263 (11th Cir. 1988) (citation omitted).

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A motion to strike should only be granted if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citations omitted).

Although "an affirmative defense may be stricken if it is legally insufficient, . . . striking a defense is a drastic remedy, which is disfavored by the courts." *Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *1 (M.D. Fla. July 21, 2011) (citations and internal quotation marks omitted); *see also Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996) (stating that motions to strike are not favored and are often considered time wasters).  "'An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Adams*, 2011 WL 2938467, at *1 (M.D. Fla. 2011) (citation omitted).  "Moreover, '[a]n affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove.'"  *Id*. (citation omitted).

Courts are split regarding whether the pleading standard set forth in the Supreme Court cases of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) applies to affirmative defenses.  However, the Court agrees with the line of cases holding that the heightened pleading standard set forth in *Twombly* and *Iqbal* does not apply to affirmative defenses.  *See e.g.*, *Lawton-Davis v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1157-Orl-37GJK, 2015 WL 12839263, at *1 (M.D. Fla. Aug. 18, 2015); *Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-cv-1576-Orl-37TBS, 2013 WL 5970721, at *2-3 (M.D. Fla. Nov. 8, 2013); *Adams*, 2011 WL 2938467, at *2-4 (M.D. Fla. 2011).

## III.   Discussion

Plaintiffs argue that each of the alleged insufficient affirmative defenses suffer from one or more of the following deficiencies: (1) they are actually denials, not defenses; (2) they are insufficiently pled conclusory statements; or (3) they are legally insufficient.  Defendants concede that the entirety of the second, fourth, and twelfth affirmative defenses are insufficient and due to be stricken.  Further, Defendants concede that portions of the eleventh, fifteenth, and sixteenth affirmative defenses are due to be stricken.

As an initial matter, many of Plaintiffs' arguments can be readily disposed of.  Plaintiffs argue that many of the affirmative defenses are due to be stricken because they are denials in disguise.[1]  Even assuming this were true, the Court would construe these as denials instead of striking them.  *See Premium Leisure, LLC v. Gulf Coast Spa Mfrs., Inc.*, 2008 WL 3927265, at *3 (M.D. Fla. Aug. 21, 2008) (declining to strike the defendant's defense and instead treating it as a

---

[1] Plaintiffs attack the third, seventh, eighth, fourteenth, and seventeenth affirmative defenses on this basis.

denial) (citing *Home Mgmt., Sols., Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007)).

Additionally, Plaintiffs argue that some affirmative defenses must be stricken because the defense of unclean hands is legally inapplicable.[2]  Whatever the merits of Plaintiffs' statement of the law, it misses the mark simply because Defendants have not asserted unclean hands as a defense, either explicitly or implicitly. Indeed, Defendants assert in their response to the Motion that they have not asserted an unclean hands defense.

Further, throughout the Motion, Plaintiffs make arguments that would require the Court to resolve factual disputes; this is not proper in a motion to strike affirmative defenses.[3]  *See Muschong v. Millenium Physician Group, LLC*, No. 2:13-cv-705-FtM-38CM, 2014 WL 3341142, at *2 (M.D. Fla. Jul. 8, 2014).  The Court will not—and moreover, cannot—strike any defenses that depend on the resolution of factual issues.  *See id.*  Indeed, Plaintiffs attack some defenses— the ninth and the thirteenth in particular—because these defenses are purportedly contradicted by allegations in the Complaint, without recognizing that Defendants have denied those very allegations.[4]  *See, e.g.,* Doc. 16 at 18–19; c*ompare* Doc. 1 ¶ 72–76 *with* Doc. 11 ¶ 72–76.

---

[2] Plaintiffs attack the seventh and tenth affirmative defenses on this basis.  Although it is unclear, Plaintiffs also appear to attack the sixth and fourteenth affirmative defenses on this basis.

[3] Plaintiffs attack the first, second, fifth, sixth, ninth, thirteenth, and fifteenth affirmative defenses on this basis.

[4] This is a common theme in the Motion.  In many places, it appears that Plaintiffs are utilizing the Motion as a proxy to advance arguments on the merits before it is the appropriate time to do so. This utilization only reinforces this motion's reputation in the courts as a time waster.  *See Somerset Pharm., Inc.*, 168 F.R.D. 69, 71 (M.D. Fla. 1996); *see also Local Access, LLC v. Peerless Network, Inc.*, No. 6:17-cv-236-Orl-40TBS, 2018 WL 3067908, at *2 (M.D. Fla. May 21, 2018) (citing *Davis v. Elite Mortg. Servs., Inc.*, 592 F. Supp. 2d 1052, 1058 (N.D. Ill. 2009) ("Motions to strike affirmative defenses are generally disfavored in this circuit because often times they are employed for the sole purpose of causing delay.")).

Plaintiffs also appear to argue that some affirmative defenses are deficient because they are inconsistent with other affirmative defenses.[5]  But under Rule 8(d)(3), a party may "state as many separate . . . defenses as it has, regardless of consistency."  To the extent Plaintiffs are arguing that inconsistent affirmative defenses are denials *per se*, the Court has already stated it will not strike any such defenses and will instead construe them as denials.

Finally, Plaintiffs argue—throughout the Motion, and often in a conclusory manner—that many affirmative defenses fail to comply with the requirements of Rule 8(c).  But Rule 8(c) only requires that an affirmative defense give "notice of any additional issue that may be raised at trial."[6] *Hassan*, 842 F.2d 260, 263 (11th Cir. 1988) (citation omitted).  Further, and critically, for most of the defenses Plaintiffs do not argue that the defenses have "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."[7]  *Reyher*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

Accordingly, the Court will not strike any affirmative defenses on the preceding bases. Having separated the wheat from the chaff, the Court turns to the remaining arguments.

### A.  FDUTPA

Plaintiffs argue that the eleventh affirmative defense is due to be stricken because it is legally inapplicable.  Defendants have conceded that the portion of the eleventh defense that

---

[5] Plaintiffs apparently attack the fifth, sixth, eighth, and fourteenth affirmative defenses on this basis.

[6] Plaintiffs do argue (perfunctorily) that the fifteenth and sixteenth affirmative defenses, and otherwise an unspecified "number of affirmative defenses," do not provide fair notice of the grounds upon which they rest.  The Court finds these perfunctory arguments to be unhelpful and unpersuasive.

[7] Plaintiffs do make some perfunctory arguments that the first, sixth, and fourteenth affirmative defenses are not related to the claims against which they are asserted.  These bare assertions— untethered to specific legal authority—are not persuasive to the Court.

addresses "Defendants' conduct . . . directed at non-Florida residents" is due to be stricken. However, Defendants maintain that the portion of the eleventh defense that addresses "Defendants' conduct occurring outside of Florida" is proper. Only this latter portion is at issue.

Conduct must have occurred within the state of Florida for the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) to apply. *See Carnival Corp. v. Rolls-Royce PLC*, 2009 WL 3861450, at *6 (S.D. Fla. Nov. 17, 2009) ("FDUTPA applies only to action that occurred within the state of Florida.") (citing *Millenium Communications & Fulfillment, Inc. v. Office of Attorney General*, 761 So.2d 1256, 1262 (Fla. 3d DCA 2000)); *see also Five for Entertainment S.A. v. Rodriguez*, 877 F.Supp.2d 1321, 1330 (S.D. Fla. Jul. 9, 2012) (same). In support of their argument, Plaintiffs cite *Barnext Offshore*, which adds that conduct does not have to exclusively occur within Florida for FDUTPA to apply. *See Barnext Offshore, Ltd. v. Ferretti Group USA, Inc.*, 2012 WL 1570057, at *6 (S.D. Fla. May 2, 2012) ("[T]he Court finds nothing in *Millenium* suggest[ing] that the FDUTPA applies *only* when conduct occurs entirely within Florida.") (emphasis original); *see also Eli Lilly and Co. v. Tyco Integrated Security, LLC*, 2015 WL 11251732, at *4 (S.D. Fla. Feb. 10, 2015) (collecting cases and finding that "[FDUTPA] does not limit its protection to acts occurring exclusively in Florida"). FDUTPA only applies to conduct that has a sufficient relationship with the state of Florida. *See Eli Lilly and Co.*, 2015 WL 11251732, at *5 (S.D. Fla. Feb. 10, 2015) ("[T]he allegations of deception generate a sufficient relationship with the State of Florida in order to survive the instant Motion."). Thus, the remaining portion of the eleventh defense is legally sufficient. It appears that there is a set of facts Defendants can allege and, perhaps, prove (i.e., that the conduct does not have a sufficient relationship with Florida) that could support this portion of the defense. *See Adams*, 2011 WL 2938467, at *1 (M.D. Fla. 2011).

Accordingly, the Court will not strike the eleventh affirmative defense vis-à-vis conduct occurring outside of Florida.

### B.  Laches and Statute of Limitations

Plaintiffs argue that the fifteenth and sixteenth affirmative defense are due to be stricken because they are legally insufficient.  Defendants concede that the fifteenth affirmative defense, titled "Statute of Limitations," is insufficient vis-à-vis Count I.  Defendants also concede that the sixteenth affirmative defense, titled "Laches," is insufficient vis-à-vis Counts II and III.  Those portions are therefore due to be stricken.

Regarding the fifteenth defense, Plaintiffs ask the Court to resolve a factual dispute over whether Plaintiff filed within the statute of limitations; again, this is not proper at this stage.  *See Muschong*, 2014 WL 3341142, at *2 (M.D. Fla. 2014).  Therefore, the Court will not strike the fifteenth defense vis-à-vis Counts II and III.

However, Plaintiffs challenge the sixteenth affirmative defense on the basis that "[t]he affirmative defenses of unclean hands, laches, and estoppel are equitable defenses that must be plead with particularity."  *Local Access, LLC v. Peerless Network, Inc.*, No. 6:17-cv-236-Orl-40TBS, 2018 WL 3067908, at *5 (M.D. Fla. May 21, 2018).  To allege laches as an affirmative defense, Defendants must allege that Plaintiffs delayed in asserting their rights, and that delay harmed Defendants.  *See id.*  Here, Defendants only allege that "Counts I through III of the Complaint are barred because Plaintiffs unreasonably delayed in bringing this lawsuit against Defendants."  Doc. 11 at 17.  Defendants have not asserted they were harmed by Plaintiffs' alleged delay.  *See Allstate Property and Cas. Ins. Co. v. Hanley*, No. 8:14-cv-2959-T-24MAP, 2015 WL 1064789, at *2 (M.D. Fla. Mar. 11, 2015).   Thus, this defense was insufficiently alleged.  Accordingly, the Court strikes the entirety of the sixteenth affirmative defense.

**IV.    Conclusion**

Accordingly, it is **ORDERED** that the Motion (Doc. 16) is **GRANTED in part** and

**DENIED in part** so that:

> (1) The second, fourth, twelfth, and sixteenth affirmative defenses are stricken in their entirety;
>
> (2) The eleventh affirmative defense is stricken as it relates to Defendants' conduct "directed at non-Florida residents;" and
>
> (3) The fifteenth affirmative defense is stricken as it relates to Count I.

**ORDERED** in Orlando, Florida on October 19, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE